**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ValueVision Media Acquisitions, Inc.,<br><br>                       Debtor.<br>Tax I.D. No. 82-0578670 | Chapter 11<br><br>Case No. 23-10851 (\_\_\_) |
| In re:<br><br>iMedia Brands, Inc.,<br><br>                       Debtor.<br>Tax I.D. No. 41-1673770 | Chapter 11<br><br>Case No. 23-10852 (\_\_\_) |
| In re:<br><br>ValueVision Interactive, Inc.,<br><br>                       Debtor.<br>Tax I.D. 41-1798730 | Chapter 11<br><br>Case No. 23-10853 (\_\_\_) |
| In re:<br><br>Portal Acquisition Company,<br><br>                       Debtor.<br>Tax I.D. No. 87-1853403 | Chapter 11<br><br>Case No. 23-10854 (\_\_\_) |
| In re:<br><br>VVI Fulfillment Center, Inc.,<br><br>                       Debtor.<br>Tax I.D. No. 41-1855552 | Chapter 11<br><br>Case No. 23-10855 (\_\_\_) |

| | |
|---|---|
| In re:<br><br>ValueVision Retail Inc.,<br><br>                      Debtor.<br>Tax I.D. No. 20-1582155 | Chapter 11<br><br>Case No. 23-10856 (___) |
| In re:<br><br>JWH Acquisition Company,<br><br>                      Debtor.<br>Tax I.D. No. 84-3693109 | Chapter 11<br><br>Case No. 23-10857 (___) |
| In re:<br><br>PW Acquisition Company, LLC,<br><br>                      Debtor.<br>Tax I.D. No. 81-4380154 | Chapter 11<br><br>Case No. 23-10858 (___) |
| In re:<br><br>EP Properties, LLC,<br><br>                      Debtor.<br>Tax I.D. No. 32-0713951 | Chapter 11<br><br>Case No. 23-10859 (___) |
| In re:<br><br>FL Acquisition Company,<br><br>                      Debtor.<br>Tax I.D. No. 84-3693026 | Chapter 11<br><br>Case No. 23-10860 (___) |
| In re:<br><br>Norwell Television, LLC,<br><br>                      Debtor.<br>Tax I.D. No. 65-1006011 | Chapter 11<br><br>Case No. 23-10861 (___) |

|   |   |
|---|---|
| In re:<br><br>867 Grand Avenue, LLC,<br><br>                              Debtor.<br><br>Tax I.D. No. 38-4102642 | Chapter 11<br><br>Case No. 23-10862 (___) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

iMedia Brands, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below.  In support hereof, the Debtors rely on the *Declaration of James Alt, Chief Transformation Officer of iMedia Brands, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed concurrently herewith, and further represent as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 1015-1.

**RELIEF REQUESTED**

4. The Debtors respectfully request entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only and granting related relief.

5. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

6.  The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7.  The Debtors also request that the Court make a separate docket entry on the docket of each of the Debtors, other than iMedia Brands, Inc., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: ValueVision Media Acquisitions, Inc., Case No. 23-10851 (___); iMedia Brands, Inc., Case No. 23-10852 (___); ValueVision Interactive, Inc., Case No. 23-10853 (___); Portal Acquisition Company, Case No. 23-10854 (___); VVI Fulfillment Center, Inc., Case No. 23-10855 (___); ValueVision Retail Inc., Case No. 23-10856 (___); JWH Acquisition Company, Case No. 23-10857 (___); PW Acquisition Company, LLC, Case No. 23-10858 (___)); EP Properties, LLC, Case No. 23-10859 (___); FL Acquisition Company, Case No. 23-10860 (___); Norwell Television, LLC, Case No. 23-10861 (___); and 867 Grand Avenue, LLC, Case No. 23-10862 (___). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10852 (___).**

## BACKGROUND

8.  On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

9.  The Debtors, together with their non-Debtor affiliates (the "Company"), capitalize on the convergence of entertainment, ecommerce, and advertising. The Company's global

portfolio of entertainment, consumer brands and media commerce services businesses—including ShopHQ, 1-2-3.tv, Christopher & Banks, and iMedia Digital Services—cross promote and exchange data with each other to optimize the engagement experiences the Company creates for advertisers and consumers. The Company's ecommerce business extends across the United States, while the Company's entertainment and advertising services reach customers across the United States, Canada, Germany, and Austria.

10. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

**BASIS FOR RELIEF**

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint

>administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

**NOTICE**

15. The Debtors will provide notice of this Motion to: (a) United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, email: richard.schepacarter@usdoj.gov); (b) the United States Attorney's

7

Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of the fifty (50) largest unsecured claims against the Debtors on a consolidated basis; (g) counsel to the Prepetition Agent, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (h) counsel to Crystal Financial LLC d/b/a SLR Credit Solutions, Morgan Lewis & Bockius, LLP, One Federal Street, Boston, Massachusetts 021110 (Attn: Julia Frost-Davies, email: julia.frost-davies@morganlewis.com); (i) the indenture trustee for the Senior Unsecured Notes; (j) banks and financial institutions where the Debtors maintain accounts; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated:  June 28, 2023<br>Wilmington, Delaware | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone: 302-652-4100<br>Facsimile: 302-652-4400<br>Email:  ljones@pszjlaw.com<br>            tcairns@pszjlaw.com<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Ryan Preston Dahl (*pro hac vice* admission pending)<br>Cristine Pirro Schwarzman (*pro hac vice* admission pending)<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>E-mail:  ryan.dahl@ropesgray.com<br>              cristine.schwarzman@ropesgray.com<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Stephen L. Iacovo (*pro hac vice* admission pending)<br>191 North Wacker Drive, 32nd Floor<br>Chicago, Illinois 60606<br>Telephone: (312) 845-1200<br>Facsimile: (212) 845-5500<br>E-mail:  stephen.iacovo@ropesgray.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |